IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| BINH CAM TRAN | : | NO. 06-536 |

**MEMORANDUM**

**Padova, J.**                                                                                   **March 2, 2010**

Pro se Defendant Binh Cam Tran asks that we reconsider our November 24, 2009 Memorandum and Order dismissing his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant has also filed a "Motion for Assignment of Counsel for Appeal of Docket No. 06-536," requesting that we enter an order appointing Cathy Henry, Esq. to represent him in accordance with 18 U.S.C. § 3006A and Rule 8(c) of the Rules Governing § 2254 Cases.[1] Both Defendant's Motion for Reconsideration and Motion for Assignment of Counsel are denied.

Defendant pled guilty, pursuant to a written Guilty Plea Agreement, to one count of trafficking in counterfeit goods, in violation of 18 U.S.C. §§ 2320 and 2; one count of conspiracy to smuggle goods, in violation of 18 U.S.C. § 371; and nine counts of money laundering of amounts greater than $10,000, in violation of 18 U.S.C. § 1957. The charges against Defendant arose from his participation in a scheme in which he fraudulently imported blank watch parts, maintained and operated a clandestine counterfeit Rolex watch-making factory, sold thousands of counterfeit Rolex watches to vendors and customers, and paid amounts exceeding $10,000 into several accounts with money derived from trafficking in counterfeit goods. The Guilty Plea Agreement contains a

---

[1] Defendant has also filed a Notice of Appeal of our November 24 Memorandum and Order and has requested a certificate of appealability from the Third Circuit pursuant to 28 U.S.C. § 2253(c)(2).

provision in which Defendant agrees, with limited exceptions, to waive his right to appeal or collaterally attack his conviction or sentence. On October 6, 2008, we accepted Defendant's guilty plea after finding that he was competent to plead, that his guilty plea was voluntary, and that there was a factual basis for the guilty plea. On March 11, 2009, we sentenced Defendant to a term of 72 months imprisonment followed by 3 years of supervised release, a special assessment in the amount of $1,100, and restitution in the amount of $2,273,166.

Defendant appealed his judgment of conviction and sentence to the United States Court of Appeals for the Third Circuit on March 23, 2009, and the Third Circuit dismissed the appeal on July 21, 2009. United States v. Tran, No. 09-1841, Order (3d Cir. July 21, 2009). On August 4, 2009, Defendant filed his *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and an accompanying Memorandum of Law, seeking relief from his judgment of conviction and sentence based on four claims of ineffective assistance of counsel and on the ground that the Government breached his Guilty Plea Agreement.[2] We dismissed Defendant's § 2255 Motion on November 24, 2009, finding that Defendant's waiver of his right to collaterally attack his judgment of conviction and sentence was enforceable because he entered into the Guilty Plea Agreement knowingly and voluntarily; enforcement of the waiver would not give rise to a miscarriage of justice; and because the Government did not breach the Guilty Plea Agreement. We further denied Defendant's request for an evidentiary hearing on the basis that it was unnecessary, since it was clear that Defendant was not entitled to the relief he sought.

---

[2]Defendant filed a supplemental pleading adding an additional ground for relief on August 18, 2009.

## I. THE MOTION FOR RECONSIDERATION

Defendant contends that we overlooked dispositive factual matters and made clear errors of law in our November 24 decision. Defendant argues that there was clear evidence that he understood that his offense level under the Sentencing Guidelines would be 21, and that we, the Government, and Defendant's counsel all led Defendant believe that his sentence would be based on an offense level of 21. Defendant further argues that his acceptance of the Guilty Plea Agreement was conditioned upon his understanding that he would be sentenced based upon an offense level of 21. As evidence of this understanding, he points to the transcript of the October 6, 2008 Hearing, in which the Government indicated that Defendant's offense level had been calculated at 21, and to his counsel and the Government's agreement at the plea hearing that their calculations of the guideline range were consistent with each other. Defendant argues that since the Government agreed with Defendant's counsel on the record and in open court that Defendant's offense level would be 21, and since he was led to believe that his offense level would be 21, this understanding is binding on all parties, and we were obligated to sentence him in accordance with an offense level of 21.

Defendant does not contest that he waived his appellate rights, but argues that we erred in overlooking the fact that he was made to understand during his change of plea hearing that his offense level would be 21. Defendant contends that a sentence based on any greater offense level would amount to a violation of his constitutional rights, and that our having overlooked this error in our November 24 opinion constitutes "an omission inconsistent with the rudimentary demands of fair procedure." (Mot. for Recons. ¶¶ 22, 23.) Defendant therefore requests that we grant him a 21-point offense level and resentence him consistent with that level.

Despite Defendant's contention that our November 24 decision overlooked dispositive

factual matters and made clear errors of law, his Motion for Reconsideration largely rehashes the arguments he made with respect to the validity of his sentence in his § 2255 Motion. Since Defendant's arguments all center on the validity of his sentence, we treat the Motion for Reconsideration as a petition challenging his sentence pursuant to § 2255. See Gonzales v. Crosby, 545 U.S. 524, 531 (2005); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). However, as we adjudicated Defendant's first § 2255 motion on the merits, Defendant must obtain leave from the United States Court of Appeals for the Third Circuit before filing a second or successive § 2255 petition. See id.; 28 U.S.C. §§ 2244(a), 2255(h). He has not done so. Therefore, insofar as Defendant's Motion for Reconsideration is the functional equivalent of a second or successive § 2255 petition, we lack jurisdiction to consider it.

Moreover, to the extent Defendant is challenging the manner in which his earlier judgment was procured, his arguments, which we considered and rejected in our November 24 Memorandum and Order, are without merit. A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice. Pub. Interest Research Group of N.J. v. Magnesium Elektron, Inc., 123 F.3d 111, 116-17 (3d Cir. 1997). Defendant has not pointed to newly available evidence or an intervening change in the controlling law. Moreover, he has not adequately explained why our previous determination was a clear error of law or would create manifest injustice.

Defendant's Guilty Plea Agreement specifies that the parties' stipulations under the Sentencing Guidelines are not binding upon the Probation Department or the Court, and that "[n]o one has promised or guaranteed to the defendant what sentence the Court will impose." (Guilty Plea

Agreement ¶¶ 6, 7.) Additionally, during the October 6, 2008 Hearing, we advised Defendant that the Sentencing Guidelines recommendation was advisory, and that we could impose a sentence greater or less than what the Guidelines recommended. (10/6/08 N.T. at 29.) Defendant indicated that he understood. (Id.) At Defendant's sentencing hearing, before we adopted the Presentence Investigation Report, which set forth a total offense level of 26, as constituting our findings of fact and conclusions of law, we confirmed that Defendant had read the report and discussed it fully with his counsel. (3/11/09 N.T. at 3-4.) Any expectation on Defendant's part that he had been promised or would receive a particular sentence was therefore unreasonable. Accordingly, Defendant's Motion for Reconsideration is denied.

## II.     THE MOTION FOR ASSIGNMENT OF COUNSEL

Defendant asks that we enter an order appointing Cathy Henry, Esq. to represent him in accordance with 18 U.S.C. § 3006A and Rule 8(c) of the Rules Governing § 2254 Cases. Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel to represent an indigent habeas petitioner where the "interests of justice so require." However, as noted above, a defendant may not file a second or successive § 2255 petition without first obtaining authorization from the United States Court of Appeals for the Third Circuit. See 28 U.S.C. §§ 2244(a), 2255(h). Since Defendant's Motion apparently seeks the appointment of counsel to represent him in the filing of a second § 2255 petition, we may not grant his request. To the extent that Defendant seeks the appointment of counsel to represent him in an appeal of our November 24 Memorandum and Order, we note that he has not yet obtained a certificate of appealability from the Third Circuit, which he must do before filing an appeal. 28 U.S.C. § 2253(c). We stated in our November 24 Order that there was no basis for a certificate of appealability because Defendant had not made a substantial

showing of the denial of a constitutional right. Additionally, Defendant has not presented a meritorious claim such that the interests of justice require the appointment of counsel to represent him. See Keller v. Heffron, Civ. A. No. 09-4593, 2010 WL 415319, *2 (D.N.J. Jan. 28, 2010) (noting that in determining whether the interests of justice require appointment of counsel, courts must consider "whether or not [Defendant] has presented a meritorious claim," and "whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts"). Accordingly, Defendant's Motion for Assignment of Counsel is denied.

### III. CONCLUSION

For the foregoing reasons, Defendants's Motions for Reconsideration and for Assignment of Counsel are denied. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.